UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIOW-HUEY CHANG,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No.  5:15-cv-02502-RMW<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE**<br><br>Re: Dkt. Nos. 48, 49, 50, 54, 54-4, 51, 52, 53 |

In this case involving allegations of excessive force by police officers, the court held a pretrial conference on May 26, 2016.

### A. Motions in Limine

Defendants County of Santa Clara, Santa Clara County Sheriff's Office, and Deputies Forest and Strickland (collectively "defendants") submitted seven motions in limine. Plaintiff Shiow-Huey Chang did not submit any motions in limine. The court rules on defendants' motions in limine as follows.

**1. Motion to Exclude Experts Who Were Not Previously Disclosed (Dkt. No. 48)**

Granted as Unopposed.

**2. Motion to Exclude Outcome of Plaintiff's Criminal Trial (Dkt. No. 49)**

Additional Briefing Requested. Defendants seek to preclude plaintiff from referencing the

dismissal of plaintiff's criminal case for violating California Penal Code section 148 (resisting, delaying, or obstructing an officer). Dkt. No. 49. While evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties, the parties have cited one case in which a court allowed a plaintiff to discuss the amount of attorney's fees spent in defending a criminal case as part of a claim for damages in a civil case for false arrest.[1]

Before the hearing on the instant motion, the court understood plaintiff's claims to be limited to alleged excessive use of force. By June 30, 2016, plaintiff shall submit an offer of proof explaining how plaintiff's complaint and pretrial submissions support a damages claim for attorney's fees that plaintiff spent in defense of the criminal case that was dismissed. Assuming that the court does allow plaintiff to present evidence regarding the dismissal of the criminal charges, by June 30, 2016, defendants shall submit a proposed jury instruction to appropriately limit the jury's consideration of the criminal charge and subsequent dismissal. The parties may respond to each other's submissions by July 8, 2016.

### 3. Motion to Exclude Evidence of Other Cases Brought Against Defendant Deputies (Dkt. No. 50)

Tentatively Granted. Defendants move to preclude plaintiff from discussing or offering any evidence regarding two lawsuits filed against the defendant deputies: (1) *Hao v. Santa Clara County Sheriff's Office et al.*; and (2) *Tabazadeh et al. v. County of Santa Clara et al.* The court finds that these cases are insufficiently related to the facts or claims of the instant case to gain admissibility under Fed. R. Evid. 404(b) or 403. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000). *Hao* is a seven-year-old case involving alleged false arrest for insurance fraud, not alleged excessive force during a traffic stop. *Tabazadeh* is still pending, and, to the extent that Ms. Tabazadeh alleged that Strickland turned up the radio in a patrol car to an excessive volume to silence her, there is no such allegation against Strickland in the instant case. Whatever marginal relevance these cases may have to plaintiff's supervisory liability claims is significantly outweighed by the risk of unfair prejudice to the deputies, confusion, and waste of

---

[1] *See Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988).

time.

By June 30, 2016, plaintiff may submit an offer of proof addressing the court's concerns. Defendants may submit a response by July 8, 2016.

**4. Motion to Exclude Prior Complaints or Investigations or Other Lawsuits Related to Deputy Defendants (Dkt. No. 54-4)**

Moot. Defendants seek to preclude plaintiff from discussing or offering evidence regarding particular complaints, internal affairs matters, or disciplinary actions discussed in the personnel files of Deputies Forest and Strickland. Dkt. No. 54-4. At the pretrial conference, plaintiff's counsel represented that plaintiff does not intend to rely on information from the defendant deputies' personnel files. Accordingly, this motion and defendants' related motion to file under seal, Dkt. No. 54, appear to be moot and the court need not rule on them.

**5. Motion to Exclude Reference to Forest's Phone Conversation En Route to Jail (Dkt. No. 51)**

Granted. The phone call does not appear to be relevant to plaintiff's theory of injury or any other issue, and any minimal relevance would be greatly outweighed by the associated unfair prejudice and waste of time under Rule 403.

**6. Motion to Exclude Questions Regarding Forest's Use of Racial Slurs (Dkt. No. 52)**

Tentatively Granted. The court finds that Forest's use of racial slurs is not relevant to any material issue in this case. Plaintiff's claims are for excessive use of force, not for equal protection violations. Moreover, the possibility of confusing the issues or unfairly prejudicing Forest significantly outweighs any probative value racial epithets might have with respect to Forest's credibility. Plaintiff may file an offer of proof addressing these concerns by June 30, 2016, and defendants may file a response by July 8, 2016.

**7. Motion to Exclude Reference to Nursing Board Complaint Against Plaintiff (Dkt. No. 53)**

Granted as Unopposed.

\* \* \*

Each party's supplemental submissions regarding the motions in limine due on June 30, 2016 may not exceed a combined total of **15 pages per party** (not per motion). The responses due

on July 8, 2016 may not exceed a combined total of **15 pages per party**.

### B. Jury Instructions

The parties shall meet and confer and file revised proposed jury instructions no later than July 13, 2016.

**IT IS SO ORDERED.**

Dated: May 26, 2016

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge