UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIOW-HUEY CHANG,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No.  5:15-cv-02502-RMW<br><br>**FURTHER ORDER REGARDING MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 49, 71, 80, 81, 82, 89 |

Following the pretrial conference in this matter, the court granted defendants' first, fifth, and seventh motions in limine and allowed the parties to submit supplemental briefing regarding defendants' second, third, and sixth motions in limine.[1] Dkt. No. 71. Having reviewed the parties' supplemental submissions, the court amends its rulings as follows.[2]

**A.  Motion in Limine 2 to Exclude Outcome of Plaintiff's Criminal Trial**

Denied With Limiting Instruction. In her supplemental submissions, plaintiff presents evidence that she incurred attorneys' fees to defend against criminal charges that were later dismissed. *See* Dkt. No. 82 at 7-8, Dkt. No. 83-2. Plaintiff argues that she should be able to discuss

---

[1] The court found that defendants' fourth motion in limine to exclude prior complaints or investigations or other lawsuits related to the deputy defendants was moot. Dkt. No. 71 at 3.
[2] Plaintiff's motion for leave to file a reply in support of her offer of proof, Dkt. No. 89, is DENIED for failure to show good cause.

the dismissal as part of her damages case. Defendants' brief in opposition does not address this issue. Instead, defendants submitted a limiting instruction that they argue should be presented to the jury in the event that the court allows plaintiff to discuss the dismissal of criminal charges:

> Ladies and gentlemen, you have heard testimony that the criminal charges against Plaintiff arising out of her June 11, 2014, arrest were dismissed. Charges may be dismissed for a variety of reasons that have no bearing on any issues that you have to decide in this case.

Dkt. No. 80. Plaintiff does not oppose reading this instruction to the jury. Dkt. No. 86. Accordingly, the court will allow plaintiff to discuss the dismissal of criminal charges against her and will provide the stipulated supplemental instruction above to the jury.

### B. Motion in Limine 3 to Exclude Evidence of Other Cases Brought Against Defendant Deputies

Granted. Plaintiff argues that she should be able to discuss the case of *Hao v. Santa Clara County Sheriff's Office et al.*—a case in which a plaintiff had been falsely accused of dental fraud—to show a pattern of misconduct by Deputy Forest and the County's failure to discipline him for constitutional violations. Evidence of alleged police misconduct may be admissible under Rule 404(b) if a four-part test is satisfied:

> (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.

*Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (citations omitted). "Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Id.* at 1133.

The *Hao* case fails the test for admissibility set forth in *Duran*. Dr. Hao's arrest occurred in 2007, which was seven years before Dr. Chang's arrest. Moreover, while the County's deliberate indifference to the deputies' alleged excessive use of force is a material issue in the instant case, there is no indication that *Hao* involved excessive force.[3] The marginal probative value of *Hao* to

---

[3] To the extent that plaintiff relies on the fact that Dr. Hao and Dr. Chang are both Chinese-American, the court notes that plaintiff has not asserted an equal protection claim.

2
5:15-cv-02502-RMW
FURTHER ORDER REGARDING MOTIONS IN LIMINE
RS

plaintiff's supervisory liability claim is outweighed by the significant danger of unfair prejudice under Rule 403. Reference to the *Hao* suit could easily cause the jury to want to punish Forest for actions unrelated to his contact with Dr. Chang. Moreover, the considerable effort required to compare and contrast *Hao* from the instant case would waste the jury's time with collateral issues.

### C. Motion in Limine 5 to Exclude Reference to Forest's Phone Conversation En Route to Jail

Granted. Plaintiff has withdrawn her opposition to defendants' motion concerning a cell phone call placed by Deputy Forest. However, plaintiff argues that "the Court should further issue an order excluding evidence of all events subsequent to the unlawful use of force, except for evidence of damages sustained due to the arrest, and Deputy Forest's "5150" statement in Dr. Chang's presence." Dkt. No. 82 at 8. Plaintiff's request is an untimely motion in limine and is denied. Even if plaintiff's request were not procedurally defective, the court would still deny it at least because plaintiff does not specifically define when the allegedly unlawful use of force concluded or what type of damages evidence would be admissible.

### D. Motion in Limine 6 Regarding Forest's Use of Racial Slurs

Granted. The court gave plaintiff the opportunity to submit an offer of proof to suggest that Forest's alleged use of racial slurs is relevant to a material issue in this case, but she failed to do so.

**IT IS SO ORDERED.**

Dated: July 18, 2016

_____
Ronald M. Whyte
United States District Judge