UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIOW-HUEY CHANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case No. 5:15-cv-02502-RMW<br><br>**ORDER RE: PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY AND DOCUMENTS**<br><br>Re: Dkt. No. 94 |

In this case involving allegations of excessive force by police officers during a traffic stop, plaintiff Shiow-Huey Chang moves to exclude certain opinions of defendants' police conduct expert Robert Fonzi. Dkt. No. 94. Defendants oppose. Dkt. No. 101. Plaintiff's motion is GRANTED IN PART and DENIED IN PART as follows.

**A.    Fonzi's Opinions 1 and 2 Regarding Reasonable Suspicion for the Traffic Stop and Probable Cause to Arrest Plaintiff**

Plaintiff moves to exclude Fonzi's opinions that defendants had reasonable suspicion to pull over plaintiff's vehicle and probable cause to arrest her. Dkt. No. 94 at 3-4. "Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable." *Mukhtar v. California State University*, 299 F.3d 1053, 1063 (9th Cir. 2002), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014) (en banc). Plaintiff's claims in the instant

case involve excessive use of force; plaintiff does not assert that the traffic stop or arrest were themselves unconstitutional. Thus, the court agrees with plaintiff that Fonzi's opinions on reasonable suspicion for the traffic stop and probable cause to arrest plaintiff are irrelevant. *See Minter v. Galios*, No. 12-cv-02905-JSC, 2014 U.S. Dist. LEXIS 36954, at *14 (N.D. Cal. Mar. 17, 2014) (excluding opinion on probable cause for traffic stop as irrelevant to excessive force claim). Plaintiff's motion to exclude these opinions is granted.

### B. Fonzi's Opinion 3 Regarding the Reasonableness of Defendants' Use of Force

Plaintiff moves to exclude Fonzi's opinion that Deputies Forest and Strickland used reasonable force to arrest plaintiff. Dkt. No. 94 at 4-5. Plaintiff argues that Fonzi is improperly opining on the ultimate issue that the jury must decide. An expert opinion "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "However, an expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion on an ultimate issue of law." *Mukhtar*, 299 F.3d at 1065 n.10. Several district courts in the Ninth Circuit have precluded police conduct experts from opining on whether officers' use of force was unreasonable or excessive. *See, e.g.*, *Jaramillo v. City of San Mateo*, No.13-cv-00441-NC, 2015 U.S. Dist. LEXIS 8796, at *3 (N.D. Cal. Jan. 26, 2015); *Martinez v. Davis*, No. CV 05-5684 ABC (JEMx), 2011 U.S. Dist. LEXIS 15406, at *8 (C.D. Cal. Feb. 4, 2011); *Jimenez v. Sambrano*, No. 04cv1833-L(PCL), 2009 U.S. Dist. LEXIS 67060, *8-9 (S.D. Cal July 31, 2009).

Defendants assert that Fonzi does not intend to offer opinion testimony "on the legality of the defendants' use of force, but should be able to offer testimony generally as to policies, procedures and uses of force in light of those policies and procedures." Dkt. No. 101 at 3.

In light of the authority cited above and defendants' clarification, Fonzi's opinions on whether defendants' use of force was unreasonable or excessive are inadmissible. While it is not clear that specialized knowledge is necessary or helpful to understand the police policies and procedures that are at stake here, *see* Fed. R. Evid. 702(a), the court will allow Fonzi to testify regarding police policies on force in general.

### C. Fonzi's Opinion 4 on Whether Defendants' Conduct Was Lawful and Whether Others Would Respond in the Same Manner

Plaintiff seeks to exclude Fonzi's opinion that "Deputies Forest and Strickland followed appropriate law, department policies, and training as it relates to reasonable suspicion, probable cause, arrest, and the use of force." Dkt. No. 94-2 at 6. Defendants concede that testimony regarding the legality of the deputies' conduct is an improper legal conclusion, but defendants argue that testimony on Sheriff's Department policies and training in general would be within the proper scope of expert testimony. Dkt. No. 101 at 3. As with the proffered testimony regarding reasonable use of force, the court will not allow Mr. Fonzi to testify regarding whether defendants' actions were lawful or appropriate. He can, however, testify generally as to the factors an officer must take into consideration in the use of force and whether the County's policies regarding the use of force are in accordance with sound police practices.

Plaintiff also seeks to exclude Fonzi's opinion that "such circumstances, if repeated, would predictably cause trained law enforcement personnel to respond and act in the same manner regardless of jurisdiction or agency." Plaintiff points out that another court in this district has found a nearly identical opinion from Fonzi speculative. *M.H. v. County of Alameda*, No. 11-cv-02868-JST, 2015 U.S. Dist. LEXIS 445, at *8 (N.D. Cal. January 2, 2015) (granting motion to preclude Fonzi from testifying that "[the] circumstances [of decedent Harrison's intake and incarceration], if repeated, would predictably cause trained law enforcement personnel to respond and act in the same manner regardless of jurisdiction or agency"). Defendants' opposition does not address this aspect of plaintiff's motion. This court agrees that Fonzi's proffered testimony is speculative, and plaintiff's motion to exclude it is granted.

### D. Fonzi's Opinion On the Deputies' Propensities for Violence and Racial Bias

Plaintiff seeks to exclude Fonzi's opinion that defendants have no propensity for violence or racial bias on the grounds that Fonzi is not an expert on these subjects. Dkt. No. 94 at 6-7. Defendants' opposition does not address this aspect of plaintiff's motion.

The court initially notes that "propensity" evidence is ordinarily inadmissible to prove that on a particular occasion, a person acted in accordance with their propensity. *See* Fed. R. Evid.

404(a). If, however, plaintiff attempts to show that the County knew or should have known that defendants have propensities for violence and/or racial bias, defendants would be entitled to rebut those arguments.

The specific opinions that plaintiff seeks to exclude come from page 6 of Fonzi's report:

> Based on my review of Deputy Forrest's and Strickland's personnel file and a comprehensive list of vehicle stops by Deputy Forest (statistical data encompassing 48 pages listing several hundred vehicle stops) it is clear that there is no pattern of behavior on the part of either deputy that is of concern. In fact, the documents support that there is no evidence that indicates a racial bias and/or a propensity for excessive force on the part of either deputy. There is no clear evidence that has been produced that will show that either deputy (Forest or Strickland) had a propensity to engage in excessive force.

Dkt. No. 94-2 at 6. Plaintiff's only challenge to these opinions is that Fonzi is not qualified to provide them.[1] Fonzi's report indicates that "[w]ith over 19 years of experience, [he has] trained approximately 10,000 law enforcement officers from all over the country" and that his "expertise is extensive in the use of force and police procedures." *Id.* at 2. The court is satisfied that Fonzi has sufficient experience and qualifications to analyze the records of defendants' vehicle stops and form opinions on whether there is a pattern of racial bais and/or a propensity for excessive force, to the extent that these topics become relevant. Plaintiff's motion to exclude this testimony is deferred.

### E.  Fonzi's Opinions on Collateral Matters

Finally, plaintiff moves to exclude Fonzi's opinions on topics that are not set for trial, including: (1) that there was no need for the deputies to wait to arrest Chang until their supervisor arrived; and (2) that it was reasonable Deputy Forest did not have his lapel microphone on during

---

[1] Testimony from a qualified expert is permissible if:
>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

the incident. Dkt. No. 94 at 7. Plaintiffs' motion to exclude testimony on these topics is granted as unopposed. Dkt. No. 101 at 2.

**IT IS SO ORDERED.**

Dated: July 18, 2016

_____
Ronald M. Whyte
United States District Judge